VIRGINIA G. RUMBAUGH, APPELLEE, V. MICHAEL J. RUMBAUGH, APPELLANT.

428 N.W.2d 500

Filed September 2, 1988.   No. 86-437.

Tim J. Kielty for appellant.

Robert M. O'Gara and Paul J. Peter, of Bruckner, O'Gara, Keating, Sievers & Hendry, P.C., for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and SPRAGUE and THOMPSON, D. JJ.

SPRAGUE, D.J.

The marriage of Michael and Virginia Rumbaugh was dissolved in January of 1975. The property settlement agreement incorporated in the decree provided for the college education of the parties' minor child. Paragraph 11 of the agreement provided:

> The respondent further agrees that when said child graduates from high school, he will pay the yearly cost of the college education for said child for a maximum of 4 years beyond high school, said yearly total costs not to

exceed the normal cost then in effect for attendance at the University of Nebraska at Lincoln, or one of the state public schools in Nebraska; that this cost will include, but not be limited to, tuition, mandatory or other special fees, book costs, [sorority costs,] and the like, but will not cover clothing or food costs . . . .

The sorority costs were specifically eliminated by the parties before final approval of the agreement.

The minor child enrolled at Kearney State College.

In January of 1985 the trial court found the appellant in contempt for willfully failing to pay the education expenses. The appellant continued to refuse to pay certain expenses, and the appellee filed a motion for contempt in December of 1985. The court ordered a consolidated hearing on the contempt motion and appellant's motion for modification of the decree, which had been filed in September of 1984. On March 13, 1986, the trial court entered an order finding that room expenses, summer school tuition, and health fees were included under the terms of the property settlement agreement.

On April 15, 1986, a hearing was had on appellant's motion for new trial and appellee's application for attorney fees. On April 21, 1986, the court overruled the motion for new trial and awarded the appellee $1,397.12 in attorney fees, to be taxed to the appellant.

At the consolidated hearing for contempt and modification, the trial court excluded the testimony of the appellant concerning his interpretation of ¶ 11. The court also refused to permit Dr. Joe Renteria, called as an expert witness, to testify to the "normal costs" of a college education.

Appellant contends the trial court erred: (1) in finding that appellant was obligated to pay all expenses set forth in ¶ 11, including the finding of obligation for "room" expense, summer school expenses, and health fees; (2) in finding that competent evidence existed in the record from which it could find that such an obligation existed; (3) in excluding testimony of appellant at the hearing concerning ¶ 11; (4) in excluding the testimony of Dr. Joe Renteria concerning the "normal" costs of a college education; and (5) in granting attorney fees and costs to the appellee.

In *Lenz v. Lenz*, 222 Neb. 85, 382 N.W.2d 323 (1986), this court held that a decree providing for education expenses must contain an ascertainable standard by which the extent of the educational obligation can be determined. We agree with the trial court's determination that the language of this agreement is sufficient to establish such a standard and limit the obligation of the appellant to a determinable amount. The provision "said yearly total costs not to exceed the normal cost then in effect for attendance at the University of Nebraska at Lincoln, or one of the state public schools in Nebraska" limits the cost imposed upon the appellant. The obligation is sufficiently definite to be ascertained.

Appellant contends that the trial court erred in excluding the testimony of an expert witness concerning the "normal cost" of a college education. If the term "normal cost" is ambiguous, then parol testimony to interpret it should have been allowed. The trial court determined that the agreement was not ambiguous. It held that the intent of the parties could be drawn from the document itself. We agree. Words used in a contract must be given their plain and ordinary meaning as ordinary, average, or reasonable persons would understand them. *Bass v. Dalton*, 213 Neb. 360, 329 N.W.2d 115 (1983). The plain and ordinary meaning of the term "normal cost" as used in this agreement is synonymous with "regular" or "usual." Room expense, summer school tuition, and health fees are such regular or usual costs of a college education.

Sufficient evidence was adduced to establish these specific expenditures.

The testimony of the appellant was also properly excluded. His proposed testimony centered on the intentions of the parties in entering into the agreement. Parties are bound by the terms of the contract even though their intent may be different from that expressed by the agreement. *Bass v. Dalton, supra.*

There was no abuse of discretion by the trial court in the awarding of attorney fees and taxing of costs. That award is approved. Additional fees and costs to the appellee are denied.

AFFIRMED.